IN THE COUNTY COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL ACTION

LINDA ZIGLAR,

    Plaintiff,

v.

GE CAPITAL RETAIL BANK,

    Defendant.
_____/

CASE NO:
DIVISION:

## PLAINTIFF'S COMPLAINT

Plaintiff, LINDA ZIGLAR ("Plaintiff"), through her attorneys, The Law Offices of Robert Peters, P.A., alleges the following against Defendant, GE CAPITAL RETAIL BANK ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 ("FCCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises pursuant to FCCPA §559.77(1), which states "A debtor may bring a civil action against a person violating the provisions of §559.72 in a court of competent jurisdiction…in the county wherein the alleged violation occurred."

4. Venue and personal jurisdiction in this County are proper because Defendant does or transacts business within this County, and a material portion of the events at issue occurred in this County.

5. Plaintiff's Complaint seeks damages in excess of $5,000.00, but less than $15,000.00, inclusive of attorneys' fees and costs.

## PARTIES

6. Plaintiff is a natural person residing in Jacksonville, Duval County, Florida.

7. Plaintiff allegedly owes a consumer debt as that term is defined by the FCCPA.

8. Plaintiff is a consumer as that term is defined by the FCCPA.

9. Plaintiff is a person as defined by the TCPA.

10. Defendant is headquartered in Kettering, Ohio.

11. Defendant provides credit cards and services to retailers nationwide, including, but not limited to, Gap; Lord & Taylor; JC Penney; Wal Mart; etc.

12. Defendant is a creditor as that term is defined by the FCCPA.

13. Defendant is a debt collector as that term is defined by the FCCPA.

14. Defendant is a person as defined by the TCPA.

15. Within the last two years, Defendant attempted to collect a consumer debt from Plaintiff.

16. Within the last two years, Defendant communicated with Plaintiff as that term is defined by the FCCPA.

17. Defendant engages in debt collection in the State of Florida.

18. Defendant regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

19. During the course of its attempts to collect debts owed or due or asserted to be owed or due another, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

20. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

21. Defendant is attempting to collect a consumer debt from Plaintiff, account number 6019-1800-7665-9370 ("the Account").

22. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

23. In or around 2011, Defendant began calling Plaintiff on Plaintiff's cell phone at 904-508-8705 in an attempt to collect on the Account.

24. Plaintiff never gave Defendant consent to call her on her cell phone.

25. Defendant called Plaintiff from 877-478-7645, 605-355-5648, 480-707-4006, and 937-534-2092, telephone numbers which belong to Defendant.

26. Defendant calls Plaintiff up to 10 times per day in an attempt to collect on the Account.

27. In the past year, Defendant repeatedly contacted Plaintiff's friend, Brenda Thomas ("Thomas"), at her home in an attempt to collect on the Account.

28. Thomas has informed Defendant that Plaintiff does not live with her and that further calls to Thomas from Defendant are to cease.

29. Despite the foregoing, Defendant disclosed to Thomas the existence and nature of the alleged debt owed by Plaintiff.

30. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

31. Defendant often left voicemail messages on Plaintiff's cellular telephone if Plaintiff did not answer Defendant's calls. In these messages, Defendant utilized an "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)*.

32. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

33. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

34. Plaintiff is not a customer of Defendant's services, does not owe any sum of money to Defendant and has never provided any personal information, including her cellular telephone number, to Defendant for any purpose whatsoever. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

35. For example, Defendant called Plaintiff on the following dates:
    a. December 30, 2012, at 4:26 p.m.
    b. January 7, 2013, at 12:31 p.m.

c. January 7, 2013, at 5:31 p.m.

d. January 10, 2013, at 8:06 a.m.

e. January 10, 2013, at 11:40 a.m.

f. January 10, 2013, at 8:57 p.m.

g. January 12, 2013, at 9:58 a.m.

h. January 14, 2013, at 12:4 p.m.

i. January 14, 2013, at 8:45 p.m.

j. January 15, 2013, at 8:31 a.m.

k. January 15, 2013, at 11:14 a.m.

l. January 15, 2013, at 2:14 p.m.

m. January 16, 2013, at 6:41 p.m.

n. January 16, 2013, at 8:14 p.m.

o. January 16, 2013, at 8:22 p.m.

p. January 16, 2013, at 8:57 p.m.

q. January 17, 2013, at 8:32 a.m.

r. January 17, 2013, at 11:16 a.m.

s. January 17, 2013, at 6:38 p.m.

t. January 17, 2013, at 7:29 p.m.

u. January 20, 2013, at 10:59 a.m.

v. January 20, 2013, at 11:57 a.m.

w. January 20, 2013, at 3:46 p.m.

x. January 20, 2013, at 5:00 p.m.

y. January 21, 2013, at 9:54 a.m.

z. January 21, 2013, at 10:11 a.m.

aa. January 21, 2013, at 5:05 p.m.

bb. January 21, 2013, at 8:45 p.m.

cc. January 22, 2013, at 5:45 p.m.

dd. January 22, 2013, at 7:31 p.m.

ee. January 24, 2013, at 6:33 p.m.

ff. January 24, 2013, at 8:16 p.m.

gg. January 28, 2013, at 8:36 a.m.

hh. January 30, 2013, at 6:09 p.m.

ii. February 13, 2013, at 7:15 p.m.

jj. February 18, 2013, at 7:45 p.m.

kk. February 20, 2013, at 5:26 p.m.

ll. March 1, 2013, at 7:41 p.m.

mm. March 4, 2013, at 1:53 p.m.

nn. March 4, 2013, at 2:39 p.m.

oo. March 4, 2013, at 3:00 p.m.

pp. March 4, 2013, at 5:06 p.m.

qq. March 4, 2013, at 5:17 p.m.

rr. March 10, 2013, at 8:17 a.m.

ss. March 15, 2013, at 8:44 a.m.

tt. March 15, 2013, at 2:24 p.m.

uu. March 18, 2013, 12:14 p.m.

vv. March 18, 2013, at 12:54 p.m.

## COUNT I
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

36. Defendant violated the FCCPA based on the following:

   a. Defendant violated §559.72(5) of the FCCPA by disclosing to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false, to wit: Defendant has repeatedly called third parties, including Plaintiff's friend Dorothy Thomas, and disclosed the existence and nature of the alleged debt owed by Plaintiff, when Thomas does not have any legitimate need for such information, in attempt to discredit, humiliate, and embarrass Plaintiff into payment, despite the fact that Thomas has informed Defendant Plaintiff does not live with her, and that further calls from Defendant are to cease.

   b. Defendant violated §559.72(7) of the FCCPA by willfully communicating with the debtor or debtor's family with such frequency as could reasonably be expected to harass the debtor and willfully engaged in conduct which could reasonably be expected to abuse or harass the debtor, to wit: Defendant has repeatedly called Plaintiff up to ten (10) times per day, included dozens of calls from January of 2013 to March of 2013, in attempt to coerce and harass Plaintiff

into payment on the alleged debt.

WHEREFORE, Plaintiff, LINDA ZIGLAR, respectfully requests judgment be entered against Defendant, GE CAPITAL RETAIL BANK, for the following:

37. Actual damages pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

38. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

39. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

40. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

41. Plaintiff repeats and realleges paragraphs 1-35 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

42. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

43. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are

costly, are unlikely to be enforced, or place an inordinate burden on the consumer."

TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

44. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

45. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

46. Defendant's conduct violated the TCPA by:

   a. Using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone

9
PLAINTIFF'S COMPLAINT

service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)), to wit: Defendant has used an "automatic telephone dialing system" to place dozens of automated calls to Plaintiff's cellular telephone, often up to ten (10) calls per day, and dozens of calls between January of 2013 and March of 2013. Defendant also repeatedly left messages on Plaintiff's phone using an artificial or prerecorded voice. The foregoing communications or attempted communications by Defendant to Plaintiff were communications for which Plaintiff may have incurred charges with her cellular phone service provider or carrier.

47. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

48. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

49. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, LINDA ZIGLAR, respectfully requests judgment be entered against Defendant, GE CAPITAL RETAIL BANK, for the following:

50. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

51. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

52. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:_____
Robert Peters
The Law Offices of Robert Peters, P.A.
1054 Kings Avenue
Jacksonville, FL 32207
Tel: 904-421-6907
Fax: 904-328-3778
rppalaw@gmail.com
Attorney for Plaintiff